# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ELLA GRACE GILL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:25-cv-00242

Judge J. Philip Calabrese

Magistrate Judge Reuben J. Sheperd

## <u>ORDER</u>

In this appeal from the administrative determination of the Social Security Administration, which denied supplemental security income, the Magistrate Judge filed a Report and Recommendation that the Court reverse the Commissioner's final decision and remand for further proceedings because the Administrative Law Judge "failed to apply proper legal standards in the Listings determination." (ECF No. 10, PageID #1615.) The Report and Recommendation advised both parties that a failure to object within 14 days may result in waiver of rights on appeal, which includes the right to review before the Court. (*Id.*, PageID #1615–16.)

Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140,

152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified that failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different from forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal. *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Defendant did not object. Rather, Defendant filed a response that he "will not be filing objections to this Honorable Court's Report and Recommended Decision." (ECF No. 11, PageID #1617.) Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 10), **REVERSES** the Commissioner's final decision, and

**REMANDS** this matter for further proceedings consistent with this Order and the

Report and Recommendation.

      **SO ORDERED.**

Dated:  March 27, 2026

 

 

J. Philip Calabrese
United States District Judge
Northern District of Ohio